UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
---------------------------------------------------------X
Terri Gartman,

                Plaintiff,

      -against-

ARM WNY, LLC and Adam March,

               Defendants.
---------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT**

      Now comes Plaintiff Terri Gartman (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendants ARM WNY and Adam March (hereinafter referred to collectively as "Defendants", and individually as "Defendant ARM WNY" and "Defendant March", respectively), arising from Defendants' violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of California, Los Angelos County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant ARM WNY, LLC ("ARM") is a New York limited liability company conducting business from offices located at 200 John James Audubon Parkway, Suite 300, Amherst, New York, 14228.

6. Defendant March is an individual who, upon information and belief, was at all relevant times residing in the State of New York.

7.      Upon information and belief, at all relevant times, Defendant March was acting as an owner, officer, director, manager and/or agent of Defendant ARM WNY.

8.      Upon information and belief, at all relevant times, Defendant March was vested with the responsibility to manage Defendant ARM WNY.

9.      Upon information and belief, Defendant March was responsible for the management and/or affairs of Defendant ARM WNY.

10.     Upon information and belief, Defendant March was responsible for the day-to-day operations of Defendant ARM WNY.

11.     Upon information and belief, at all relevant times, Defendant March was responsible for the supervision of Defendant ARM WNY's employees, agents and/or representatives that were attempting to collect debts.

12.     Upon information and belief, at all relevant times, Defendant March was responsible for the management of Defendant ARM WNY's employees, agents and/or representatives that were attempting to collect debts.

13.     Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

14.     Defendants regularly collect or attempt to collect debts for other parties, and therefore, are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

15.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. In or around February 2014, Defendants commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from a payday loan.

17. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

18. On or about February 13, 2014, Defendant ARM WNY placed a telephone call to Plaintiff in an attempt to collect the Alleged Debt.

19. In said telephone conversation, Defendant ARM WNY threatened Plaintiff with a civil suit.

20. Defendant ARM WNY further stated that it had subpoenaed all of Plaintiff's bank records.

21. In response, Plaintiff requested validation of the Alleged Debt.

22. Defendant ARM WNY refused to provide validation of the Alleged Debt and stated that Plaintiff would not receive any documentation until Plaintiff made a payment.

23. Defendant ARM WNY successfully pressured and intimidated Plaintiff into authorizing a payment of $408, representing the full balance of the Alleged Debt.

24. Defendant ARM WNY subsequently removed $414.95 from Plaintiff's bank account, $6.95 more than the authorized amount.

25. Later, on or about February 13, 2014, Defendant ARM WNY emailed Plaintiff a letter stating that the Alleged Debt had been satisfied in full.

26. On or about February 14, 2014, Defendant ARM WNY again placed a telephone call to Plaintiff in an attempt to collect the Alleged Debt.

27. On or about March 4, 2014, Defendant ARM WNY placed another telephone call to Plaintiff in an attempt to collect the Alleged Debt.

28. In said telephone conversation, Defendant ARM WNY demanded that Plaintiff make a payment on the Alleged Debt despite the fact that the Alleged Debt had been previously satisfied in full.

29. As a result of Defendant ARM WNY's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692g(a))**

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Defendants' conduct violated 15 U.S.C. §1692g(a) in that Defendants failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

32. Upon information and belief, to date, Defendants have not sent such a notice to Plaintiff.

33. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e)**

34. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. Defendants' conduct violated 15 U.S.C. §1692e, in that Defendants made false, deceptive, and/or misleading representations to Plaintiff regarding the Alleged Debt.

36. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### THIRD CAUSE OF ACTION
(Violations of 15 U.S.C §1692e(5))

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. Defendants' conduct violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when they threatened Plaintiff with a civil suit.

39. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FOURTH CAUSE OF ACTION
(Violations of 15 U.S.C §1692e(10))

40. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendants' conduct violated 15 U.S.C. §1692e(10) in that Defendants used false representation and deceptive means in attempt to collect the Alleged Debt when they misrepresented that they had subpoenaed all of Plaintiff's bank records.

42. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA

## FIFTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f

43. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "42" herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' conduct violated 15 U.S.C. §1692f in that Defendants used unfair and unconscionable means in attempt to collect a debt by making threats and placing Plaintiff in a state of apprehension.

45. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692f(1)

46. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' conduct violated 15 U.S.C. §1692f(1) in that Defendants attempted to collect an amount not authorized by an agreement and not permitted by law when they tried to collect the Alleged Debt which Plaintiff had previously satisfied in full.

48. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

49. Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terri Gartman demands judgment against the Defendants ARM WNY and Adam March, as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        March 31, 2014

                Respectfully submitted,


                By: */s Diane C. McDowell, Esq.*

                Attorney for Plaintiff
                Fredrick Schulman & Associates
                30 East 29TH Street
                New York, New York 10016
                Telephone (212)796-6053
                Fax (212) 951-7379
                Email: info@fschulmanlaw.com